PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the report of the referee recommending that respondent David J. Maichack be disbarred. We review the report pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.
The Florida Bar filed a complaint alleging professional misconduct in five counts. The accused attorney did not respond to the complaint. The referee found that there was proper and sufficient notice of the complaint. The Bar filed a motion to deem factual matters admitted, which the referee granted.
On count one the referee found that respondent agreed to prepare an income tax return for a client. Respondent received a fee and told the client that her tax return had been filed when in fact it had not. Respondent failed to file the client’s return. The client learned it had not been filed when the Internal Revenue Service sent the client a letter to that effect. The referee recommended that respondent be found guilty of violating the former Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), and 6-101(A)(3) (neglect of an entrusted legal matter).
On count two the referee found that respondent was retained to represent the defendant in a civil action. Respondent received a substantial fee for his services. Respondent, however, took no steps to defend against the lawsuit, nor did he advise the client of the status of the lawsuit. A final judgment was entered against respondent’s client, which the client first learned about not from respondent but through the efforts of the judgment creditor to effect execution of the judgment. Then respondent assured his client that he would appeal the judgment, but took no action to effect an appeal. When the client retained new counsel to challenge the judgment, *260 respondent failed to cooperate with the new attorney or return the litigation documents. The referee recommended that respondent be found guilty of violating Disciplinary Rules 1-102(A)(4), 1-102(A)(6), and 6-101(A)(3).
Counts three and four pertained to respondent’s failure to pay his bar dues for the years 1985 and 1986. The referee found that respondent had failed to pay dues for each of those years and recommended that he be found guilty on both counts of violating Disciplinary Rule 3-101(B) (practicing law in violation of the regulations of the jurisdiction).
On count five, the referee found that despite regular mail and certified mail notice to respondent’s official bar address and residence address, the respondent has failed or refused to respond to the complaint or communicate with The Florida Bar in any way. The referee recommended that respondent be found guilty of violating Disciplinary Rules 1-102(A)(5) (conduct prejudicial to the administration of justice) and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).
The referee recommends that respondent be disbarred. Neither party has filed a petition for review. We therefore approve the referee’s findings and recommendations.
David J. Maichack is hereby disbarred. Since he has been under suspension for nonpayment of bar dues for the last three years, this disbarment shall be effective immediately.
The costs of this proceeding are assessed against the respondent. Judgment is entered against David J. Maichack in the amount of $1,144.89, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.